**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ROBERT B. MANS,**

                **Plaintiff,**

        **v.**                           **CASE NO.  13-3006-SAC**

**STATE OF KANSAS,**

                **Defendant.**

<u>**MEMORANDUM AND ORDER**</u>

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Sedgwick County Jail (SGCJ) in Wichita, Kansas.  The initial pleading filed herein contains several conclusory statements including the bald allegation that plaintiff's trial attorney and the district attorney in his pending state criminal case have "become a nuisance per se."  The allegations in the complaint that are factual amount to challenges to plaintiff's state criminal proceedings.  These include that his appointed defense attorney has continued his trial without his consent and has not responded or communicated with him for months, that there is exculpatory evidence, and that he has filed pro se motions in the criminal case, which have not been heard.  Plaintiff seeks damages of $2000 per day "for the time he has illegally been incarcerated." Having considered the pleading, the court finds several

1

deficiencies. Plaintiff is given the opportunity to cure those deficiencies and warned that if he fails to do so within the time allotted, this action may be dismissed without further notice.

**FILING FEE**

The statutory fee for filing a civil rights complaint in federal court is $350.00, while the fee for a habeas corpus petition is $5.00. Plaintiff has neither paid the fee nor submitted a motion to proceed without prepayment of fees. This action may not proceed until Mr. Mans has satisfied the statutory filing fee in one of these two ways.

28 U.S.C. § 1915 requires a prisoner seeking to bring an action without prepayment of fees to submit a motion together with an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In civil rights proceedings, the court is also required to assess an initial partial filing fee based upon the requisite financial information where funds are available.

Plaintiff is reminded that, pursuant to 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees will not relieve him of the obligation to pay the full district court filing fee of $350.00 for a civil rights action. Such leave merely entitles

him to pay the filing fee over time through payments automatically deducted from his inmate trust fund account as authorized by § 1915(b)(2). Under the latter provision, the Finance Office of the facility where plaintiff is confined will be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

Plaintiff is forewarned that if he fails to satisfy the filing fee prerequisite within the time prescribed by the court, this action may be dismissed without prejudice and without further notice.

**SCREENING**

Because Mr. Mans is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted

3

by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

## **DISCUSSION**

Mr. Mans cites 28 U.S.C. § 636 as legal authority for this lawsuit but does not explain its import or for what purpose he seeks to "make known to the United State Magistrate Judge that a civil rights violation is now before the Court." Section 636 sets forth the power and duties of federal magistrates. Neither this statute nor plaintiff's notice confers jurisdiction upon this court or provides plaintiff with any sort of basis for the relief sought in this case.

The only named defendant is the State of Kansas, and the state is absolutely immune to suit for money damages.

Plaintiff's fact allegations amount to challenges to his state court criminal proceedings that are currently pending. A state inmate may not challenge the fact of his confinement or a state criminal conviction in a civil rights complaint. In order to pursue a claim in federal court of illegal confinement by state authorities, he must file a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1073). In addition, a person seeking to challenge state criminal proceedings or confinement by state authorities is required to fully and properly exhaust the available state court remedies on all such claims before he files a habeas petition in federal court. Mr. Mans must present all challenges to his state criminal proceedings in the trial court and, if not satisfied with the course or result of those proceedings, on direct appeal in the state courts. Furthermore, dismissal of this action is warranted under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), wherein the Supreme Court held that federal courts should avoid interference with state prosecutions that were pending before initiation of the federal suit. *Id.* at 43.

In sum, plaintiff's conclusory statements present no grounds for relief under § 1983, and his claims are habeas in nature and premature. He is required to show cause why this action should not be construed as a habeas corpus petition and dismissed for failure to exhaust and under the abstention doctrine.

**IT IS THEREFORE BY THE COURT ORDERED** that Mr. Mans is given

thirty (30) days in which to satisfy the filing fee by either paying the appropriate fee in full or submitting a properly-supported motion to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that within the same thirty-day period, Mr. Mans is required to show cause why this action should not be construed as a habeas petition and dismissed for the reasons stated herein.

The clerk is directed to send forms to Mr. Mans for filing an IFP motion.

**IT IS SO ORDERED.**

Dated this 20th day of February, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge